UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In Re:

                                                      Chapter 11

KUM GANG INC.,
Debtor.                                       Case No.: 18-43997-cec

-------------------------------------------------------------X

STATE OF NEW YORK    )
COUNTY OF                 )

JEREMY M. POLAND, ESQ., hereby declares the truth of the following under 28 USC §1746, under penalty of perjury:

        1. I am an associate of the firm of Horing Welikson & Rosen P.C., attorneys for Kit Realty Inc. (the "Owner"), the owner of 138-18/38 Northern Boulevard, Flushing, NY 11354 (the "Premises") and hereby appear in this case on behalf of the Owner. As such, I am fully familiar with the prior pleadings and proceedings herein. I make this Declaration in support of the Owner's motion for an order vacating or modifying the automatic stay under 11 U.S.C. §362 on the grounds that the Debtor has failed to pay post-petition use and occupancy since the date of the filing of the petition herein, the Owner is not adequately protected, and the premises in question is not necessary to any reorganization by the Debtor or any payment plan as is evidenced by the utter failure to pay any post-petition use and occupancy and the fact that the Debtor was just discharged from bankruptcy (case No. 15-42018) in October of 2017 and yet we are now back before this Court, along with such other and further relief as this Court deems just and proper under the circumstances.

        2. The Debtor filed this bankruptcy petition on July 12, 2018. On that date the Debtor was to continue a trial in the state court landlord/tenant proceeding. The trial was previously adjourned and the Debtor was ordered to pay two (2) months' rent by the judge in that

proceeding. That payment was never made (See Rahl Declaration). However, by the filing of this proceeding the state judge was unable to default the Debtor in the state court proceeding as was the intention for failure to pay the rent and, upon information and belief, is still the intention of that judge upon the state court action being able to proceed.

    3. The state proceeding was started based on a failure of the Debtor to abide by the lease (annexed hereto as Exhibit "A") specifically, the failure to cure open violations from the City of New York.

    4. Through counsel the Debtor answered the proceeding and claimed the violations have been cured, but has not offered any proof that the fines and penalties were paid as is required under the lease.

    5. In addition, the Debtor currently owes $904,205.13 in rent and additional rent, including post-petition rent and additional rent, through August 31, 2018 (see Rahl Declaration). By the time this motion is heard September 2018 charges will have come due as well.

    6. Under 11 U.S.C.§362(d):

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization;

    7. The Debtor has no equity in the Premises and it is not necessary for an effective reorganization. This is clear by the fact that the debtor cannot maintain its financial obligations

under the lease, has not paid post-petition rent and, just completed a bankruptcy in October 2017, yet is now back before this Court less than a year later. The last reorganization does not seem to be effective and there is no reason to believe this one will be. Additionally, the Owner has no adequate protection as the Debtor currently owes close to One Million Dollars ($1,000,000.00) and instead of paying two (2) months' rent to continue the state proceeding, as required by that judge, they commenced this proceeding.

8.  Under 11 U.S.C. § 365(d)(3), "The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title. The court may extend, for cause, the time for performance of any such obligation that arises within 60 days after the date of the order for relief, but the time for performance shall not be extended beyond such 60-day period."

9.  There is no reason to believe the Debtor, or the trustee in its stead, will be able to perform the Debtor's obligations under the lease, as the Debtor has been unable to do so prior to the filing of this proceeding and continues to be unable to do so.

WHEREFORE, I respectfully request that this Court grant the motion in its entirely, issue an Order modifying or vacating the automatic stay based upon 11 U.S.C. §362 and that this Court grant Movant such other and further relief as this Court deems just and proper under the circumstances.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on August 27, 2018, at Williston Park, New York.

_____
JEREMY M. POLAND (4587)