UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
In re                                                              :
                                                                    :       Chapter 11
KUM GANG, INC.,                                            :
                                                                    :       Case No.  18-43997 (CEC)
                                                                    :
                                        Debtor.            :
                                                                    :
-------------------------------------------------------- x

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S
APPLICATIONS TO RETAIN KANG YOUL LEE, C.P.A., P.C. AS ACCOUNTANT TO
THE DEBTOR AND MCCALLION & ASSOCIATES LLP AND LARSEN ADVOCATES
P.C. AS ATTORNEYS FOR THE DEBTOR**

TO: THE HONORABLE CARLA E. CRAIG,
        CHIEF UNITED STATES BANKRUPTCY JUDGE:

        William K. Harrington, the United States Trustee for Region 2 (the "United States

Trustee"), by and through his undersigned counsel, hereby submits this objection (the

"Objection") to the applications (the "Applications") of debtor Kum Gang, Inc. (the "Debtor") to

(i) retain Kang Youl Lee, C.P.A. P.C. (the "Lee Firm") as accountant to the Debtor ("the

Accountant Application") and (ii) retain McCallion & Associates, LLP (the "McCallion Firm")

and Larsen Advocates, P.C. (the "Larsen Firm") as co-counsel to the Debtor (the "Counsel

Application").  *See* ECF Doc. Nos. 46, 47.  In support of the Objection, the United States Trustee

respectfully represents and alleges as follows:

## I.    INTRODUCTION

        The United States Trustee objects to the Applications for several reasons.  First, the Lee

Firm is not disinterested.  The Debtor owes the Lee Firm $7,500 for pre-petition services and the

Lee Firm has not waived such claims.  Second, the Lee Firm failed to disclose that it had

provided accounting services to the Debtor in connection with the Debtor's prior chapter 11 case.

1

Third, the Lee Firm seeks retention *nunc pro tunc* to the commencement of this case in early July 2018 without providing a comprehensive explanation for the delay in the submission of its retention application.

The Larsen Firm may not be retained because it has failed to submit any disclosures pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure. For its part, the McCallion Firm may not be retained because (i) it represents the Debtor's principal and his family members in connection with a number of matters outside of bankruptcy, and (ii) it failed to disclose hourly billing rates of attorneys and paraprofessionals (other than Kenneth F. McCallion, Esq.) who will perform services for the Debtor in this case. The Applications should, therefore, be denied.

## II.    FACTS

### A.    Background

#### 1. The Debtor's Prior Chapter 11 Case

On April 30, 2015, the Debtor, represented by the McCallion Firm, filed a previous chapter 11 case captioned *In re Kum Gang, Inc.*, 15-42018 (CEC) (the "Prior Case"). *See* Prior Case ECF Doc. No. 1. By order signed on June 12, 2015, the Court authorized the Debtor to retain the Lee Firm as its accountant in the Prior Case. *See* Prior Case ECF Doc. No. 35. On January 20, 2016, the Debtor filed with the Court a notice of proposed substitution of counsel (dated December 23, 2015) substituting the Law Office of Michael Resnick (the "Resnick Firm") as counsel to the Debtor in place of the McCallion Firm. *See* Prior Case ECF Doc. No. 97. By order signed on January 25, 2016, the Court authorized the Debtor to retain the Resnick Firm as its counsel in the Prior Case. *See* Prior Case ECF Doc. No. 99. The McCallion Firm did not file an application seeking retention as counsel to the Debtor in the Prior Case.

By order signed on June 2, 2017, the Court confirmed the Debtor's plan of reorganization in the Prior Case.  *See* Prior Case ECF Doc. No. 186.  By order signed on October 1, 2017, the Court granted the Debtor's motion for a final decree closing the Prior Case.  *See* Prior Case ECF Doc. No. 196.

### 2.    The Debtor's Current Chapter 11 Case

On July 12, 2018 (the "Filing Date"), the Debtor, represented by the McCallion Firm, commenced its current bankruptcy case by filing a voluntary petition under chapter 11 of the Bankruptcy Code.  *See* ECF Doc. No. 1.  The United States Trustee was not able to appoint an official committee of unsecured creditors in this case.  To date, the Larsen Firm has not filed a notice of appearance in this case.

### B.    The Applications

<u>Lee Firm</u>

With the Accountant Application (dated May 11, 2018, but filed on October 18, 2018), the Debtor seeks to retain the Lee Firm as its accountant *nunc pro tunc* to the Filing Date.  *See* Accountant Application, ¶ 11.  The Debtor provided no explanation for the delay in the request to retain the Lee Firm.

In his declaration in support of the retention of the Lee Firm (the "Lee Declaration"), Kang Youl Lee, CPA ("Mr. Lee") states that "the Debtor owed $7,500 to the [Lee Firm]."  *See* Accountant Application, Lee Decl., ¶ 6.  Mr. Lee further states that the Lee Firm does not owe any funds to "the Debtor, the Debtor's principals, or their family members."  *Id.*  Mr. Lee notes that the Lee Firm had represented Ji Sung Yoo ("Mr. Yoo"), the Debtor's principal, and his spouse "with regard to the preparation of tax returns and related matters."  *Id.*  Mr. Lee further

states that, pre-petition, the Lee Firm "performed normal accounting services for the Debtor, including the preparation of tax returns and balance sheets." *Id.*

In the Application, the Debtor acknowledges owing $7,500 to the Lee Firm for pre-petition services, but states that "the Debtor is confident that this fact will not interfere with [the Lee Firm's] ability to render quality accounting services" to the Debtor.  Accountant Application, ¶ 6.  The Debtor notes in the Accountant Application that it "has attempted, without success, to retain another qualified accountant with no prior history of providing accounting services to the Debtor." *Id.*, ¶ 7.  Neither the Debtor nor the Lee Firm discuss the Lee Firm's services on behalf of the Debtor in the Prior Case in the Accountant Application.[1]

### McCallion Firm and Larsen Firm

In the Counsel Application, the Debtor seeks retention of the McCallion Firm and the Larsen Firm as co-counsel.  *See* Counsel Application, McCallion Declaration, ECF Doc. No. 46. The Counsel Application is not accompanied by any declarations or statements by any representatives of the Larsen Firm, and the portion of the Counsel Application seeking relief refers only to the retention of the McCallion Firm.  *See* Counsel Application at 6-7.

In his declaration in support of the retention of the McCallion Firm, Kenneth F. McCallion, Esq. ("Mr. McCallion") acknowledges that the McCallion Firm represents both the Debtor and Mr. Yoo in a number of matters.  *See* Counsel Application, McCallion Decl., ¶ 3. Notably, the McCallion Firm represents the Debtor and Mr. Yoo in employment-related litigation pending against the Debtor and Mr. Yoo in the United States District Court for the Eastern District of New York (the "Eastern District Wages Case").  *Id.*  Furthermore, the

---

[1] According to the Debtor's monthly operating report for August 2018, the Debtor paid the Lee Firm $2,100 for its services in August 2018.  *See* ECF Doc. No. 50.  It does not appear that the Debtor or the Lee Firm filed an application with the Court to approve the payment of the Lee Firm's professional fees.

McCallion Firm represents Mr. Yoo as a defendant in an action pending in the United States District Court for the Southern District of New York to enforce a judgment against Mr. Yoo (the "Southern District Judgment Case"). *Id.* The Larsen Firm represents Mr. Yoo's spouse and children in the same matter. *Id.* Finally, the McCallion Firm represents Mr. Yoo and his family members in an appeal related to the Southern District Judgment Case pending before the United States Court of Appeals for the Second Circuit. *Id.*

The McCallion Firm states that "there is no conflict of interest" between its representation of the Debtor and Mr. Yoo in non-bankruptcy matters: it states that the representation of corporations operating restaurants and their principals in wage-and-hour matters is "a fairly common occurrence." *Id.*, ¶ 4. The McCallion Firm further notes that "there has been no suggestion or allegation in this proceeding that Mr. Yoo misappropriated or took excessive amounts of money" from the Debtor. *Id.* According to the McCallion Firm, "Mr. Yoo has not received any salary from the Debtor" since the commencement of the Prior Case and "has not taken any other funds or assets from the Debtor." *Id.*

In the Application, the Debtor states that it waives any conflict that would arise due to the representation of both Mr. Yoo and the Debtor by the McCallion Firm. *See* Counsel Application, ¶ 13. The Debtor notes that "it has been unable to secure representation from any other attorneys or law firms" and that the Resnick Firm "has declined" to represent the Debtor in this case. *Id.*

Mr. McCallion states in the McCallion Declaration that the McCallion Firm will bill the Debtor $350 per hour for Mr. McCallion's services "and such lesser rates for any other attorneys and/or paraprofessionals who may work on this matter." Counsel Application, McCallion Decl., ¶ 10. Billing rates for any other associates, partners, attorneys or para-professionals of the McCallion Firm or the Larsen Firm are not disclosed in the Counsel Application.

5

According to the Debtor's federal income tax return for 2017 (the "2017 Tax Return"), as of January 31, 2018 (the end of the Debtor's most recent tax year), an entity known as "Kum Kang" owed the Debtor $158,950.  Relevant excerpts of the 2017 Tax Return (redacted so as to comply with Rule 9037 of the Federal Rules of Bankruptcy Procedure) are annexed hereto as Exhibit A.  On April 18, 2018, in the Southern District Judgment Case, the United States District Court for the Southern District of New York held that Kum Kang, Inc. is a Korean restaurant in Manhattan of which Mr. Yoo had been the sole owner.  *See Kim v. Yoo*, 311 F. Supp. 3d 598, 605 (S.D.N.Y. 2018).

## III.    LEGAL STANDARDS

### Section 327(a) of the Bankruptcy Code

Under Section 327(a) of the Bankruptcy Code, a chapter 11 debtor may employ "one or more attorneys, accountants . . ., *that do not hold or represent an interest adverse to the estate, and that are disinterested persons*[.]"  11 U.S.C. § 327(a) (emphasis added).  Disinterestedness is defined in 11 U.S.C. § 101(14) which provides in part that:

> The term "disinterested person" means a person that B
>
> (A) is not a creditor, an equity security holder, or an insider;
> . . .
> (C) does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

The 'materially adverse' standard of Section 101(14) incorporated in the disinterestedness test and the 'interest adverse to the estate' language in section 327(a) overlap . . . and form a single test to judge conflicts of interest."  *In re Granite Partners,* 219 B.R. a 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998) (citations omitted).  The disinterestedness provision of

Section 327(a) is mandatory and applies at the time of retention and throughout the case. *Id.* at 32-33.  Under these principles, a debtor-in-possession may not retain a party holding a pre-petition claim to perform post-petition services. *U.S. Trustee v. Price Waterhouse*, 19 F. 3d 138 (3d Cir. 1994).

Following the standards of Section 327(a), courts have denied retention of professionals (including accountants) who had pending claims against the debtor-in-possession for pre-petition services.  In the case of *In re Gospel Rescue Missions of Washington, D.C., Inc.* ("Gospel Rescue"), the Court denied the retention of an accountant to the debtor-in-possession holding that the proposed accountant "has not waived *in toto* its prepetition claim against the debtor. Accordingly, it remains a creditor.  A creditor is not a disinterested person who can be employed under 11 U.S.C. § 327(a)." *Gospel Rescue*, Case No. 12-00405, 2012 Bankr. LEXIS 3990, at *1-2 (Bankr. D. D.C. Aug. 29, 2012) (emphasis in original).  The Court further held that while under Section 1107(b) an accountant's prior employment by a debtor-in-possession would not disqualify the professional from employment, the accountant's creditor status would violate Section 327(a). *Id.*

Similarly, in the case of *Fulgham Enterprises, Inc.*, the Court denied the retention of a proposed accountant who held a pre-petition claim. *In re Fulgham Enters., Inc.*, 181 B.R. 139 (Bankr. N.D. Ala. 1995). The Court held this way even though it found that "there are no facts before the Court to demonstrate that [the proposed accountant's] holding of a claim against the Debtor would in any way effect his performance of future work for the Debtor or will in any way directly harm other creditors." *Id.* at 141. The Court held that the denial of retention was mandated by the plain language of the law. *Id.* at 142, n. 4 (citing *Price Waterhouse*).

## Delay in Submission of Application to Employ

In the case of *Keren Limited Partnership*, the Court of Appeals for the Second Circuit imposed a two-part test needed to evaluate *nunc pro tunc* requests for employment: (i) whether the application would have been approved if filed timely and (ii) whether "the delay in seeking court approval resulted from extraordinary circumstances." *In re Keren Ltd. P'ship*, 189 F.3d 86, 87-88 (2d Cir. 1999). In analyzing the second prong of the test developed in the *Keren* case, courts have held that the circumstances underlying the delay in submission must go beyond "simple neglect." *See In re Aquatic Dev. Group, Inc.*, 352 F.3d 671, 679 (2d Cir. 2003). Similarly, there is no "equitable basis" exception to the *Keren* test to explain a delay in submission of a retention application. *See In re Saint*, Case No. 04-35889 (ASD), 2009 Bankr. LEXIS 3438, at *7 (Bankr. D. Conn. Oct. 9, 2009).[2]

Furthermore, mere submission of a retention application to the United States Trustee without further follow-up by counsel also fails to comply with the test in *Keren*. *In re Bronx 439 E. 135th St. D.T. Bldg. Corp.*, Case No. 11-15855 (MG), 2014 Bankr. LEXIS 224, at *13-14 (Bankr. S.D.N.Y. Jan. 17, 2014); *cf. In re CCT Comm'cns.*, Case No. 07-10210 (SMB), 2010 Bankr. LEXIS 2947 (Bankr. S.D.N.Y. Aug. 24, 2010) (holding that the *Keren* test is satisfied where the delay is due to circumstances beyond the control of counsel to the debtor in possession: *e.g.,* where a proposed order of retention had been lost).

---

[2] In the case of *In re Stylianou*, the Court employed an "excusable neglect" or "unavoidable hardship" test in evaluating compliance with the second prong of the *Keren* test. *In re Stylianou*, No. 01-16121 (AJG), 2010 Bankr. LEXIS 3193, at *15 (Bankr. S.D.N.Y. Sept. 15, 2010). Under this test, the Court weighs factors such as danger of prejudice to the debtor from the lack of *nunc pro tunc* retention, the length of the delay, and the moving party's good faith. *Id.*

## <u>Rule 2014 of the Federal Rules of Bankruptcy Procedure</u>

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that any application seeking retention of professional under 11 U.S.C. § 327 must "state the specific facts showing the necessity for the employment [of the proposed professional] . . . the reasons for the selection, the professional services to be rendered, [and] any arrangement for compensation." Fed. R. Bankr. P. 2014(a). Bankruptcy Rule 2014(a) also provides that such application must disclose "to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants." *Id.* In the case of *GSC Group, Inc.*, the Court noted that one of the key policies behind Bankruptcy Rule 2014(a) is "to ensure that all professionals have run a 'conflicts check' and made the resulting appropriate disclosures to the court, which enable the court to determine whether each professional has any adverse interest." *In re GSC Group, Inc.*, 502 B.R. 673, 2013 Bankr. LEXIS 5204 at *131-32 (Bankr. S.D.N.Y. Dec. 12, 2013). The *GSC* Court also noted that Bankruptcy Rule 2014(a) implies a continuing duty of disclosure and that, furthermore, the "adequacy of disclosure also cannot be judged by whether other parties made inquiry." *Id.* at 132-33; *see also In re Saturley*, 131 B.R. 509, 517 (Bankr. D. Me. 1991) (holding that "[c]oy or incomplete disclosures which leave the court to ferret out pertinent information from other sources are not sufficient.").

**IV.    OBJECTION**

    **A.    The Court Should Deny Approval of the Applications.**

        **1.    The Lee Firm is Not Disinterested.**

In light of the Debtor's liabilities to the Lee Firm, the Lee Firm's retention must be

denied.  The Lee Firm states that it is owed $7,500 by the Debtor.  *See* Accountant Application,

Lee Decl., ¶ 6.  It does not appear that the Lee Firm is willing to waive its claims.  *Id.*  Just like

the proposed accountants in the *Gospel Rescue* and *Fulgham Enterprises* cases, the Lee Firm is a

creditor of the debtor-in-possession.  *See In re Fulgham Enters., Inc.*, 181 B.R. 139 (Bankr. N.D.

Ala. 1995); *Gospel Rescue*, 2012 Bankr. LEXIS 3990, at *1-2.  Therefore, unless the Lee Firm

waives its pre-petition claims against the Debtor in full, the Accountant Application must be

denied.

        **2.    The Debtor Has Failed to Explain the Delay in Submitting the Accountant Application.**

In the Application, the Debtor seeks to retain the Lee Firm effective as of the Filing Date.

*See* Accountant Application, ¶ 11.  The Filing Date occurred in July 2018, over three months

before the filing of the Accountant Application.  *See* ECF Doc. No. 1.  Although the Debtor does

not explain the delay, it does state that the Lee Firm commenced work "immediately" and

"began rendering services to the Debtor" after the Filing Date.  *See* Accountant Application, ¶

11.  The Debtor is concerned that failure to retain the Lee Firm would lead to the Debtor being

"deprived of all accounting services" during the pendency of this case.  *Id.*, ¶ 7.

None of these arguments are adequate to comply with the "extraordinary circumstances"

prong of the *Keren* test.  Unlike in the case of *CCT Communications*, 2010 Bankr. LEXIS 2947,

at *14-15, there appear to be no factors outside the control of the Debtor's professionals that

have delayed the submission of the Accountant Application. Also, unlike in the *Stylianou* case,

no showing of "unavoidable hardship" or "excusable neglect" has been made by the Debtor. *See*

*Stylianou*, 2010 Bankr. LEXIS 3193, at *15. Consequently, unless the Debtor offers some

evidence that satisfies the *Keren* test, the Accountant Application must be denied.

### 3.    The Lee Firm Failed to Disclose Prior Services to the Debtor.

Although the Lee Firm does acknowledge performing services pre-petition for the

Debtor, the Debtor's principal, and his family, *see* Accountant Application, Lee Decl., ¶ 6, no

disclosures are made regarding services rendered to the Debtor by the Lee Firm in the Prior

Case. Until the Lee Firm fully and comprehensively discloses its role in the Prior Case, and

whether it is owed any fees for services to the Debtor in the Prior Case, the Accountant

Application must be denied.

### 4.    The Larsen Firm Failed to Comply with Bankruptcy Rule 2014.

Although the Debtor seeks the retention of the Larsen Firm as co-counsel, no declaration

from the Larsen Firm pursuant to Bankruptcy Rule 2014 was filed with the Counsel Application.

Until the required disclosures are filed by the Larsen Firm, *see* Fed. R. Bankr. P. 2014(a), the

Larsen Firm may not be retained as co-counsel to the Debtor.[3]

### 5.    The McCallion Firm is Not Disinterested

The McCallion Firm is not disinterested and may not be retained to represent the Debtor

in this case. As the McCallion Firm itself acknowledges, it has represented the Debtor, its

principal Mr. Yoo, and Mr. Yoo's family members in a number of matters outside of bankruptcy.

*See* Counsel Application, McCallion Decl., ¶ 3. Kum Kang, Inc. is a non-debtor entity owned by

---

[3] In case the Larsen Firm provides the disclosures required pursuant to Bankruptcy Rule 2014, the United States Trustee reserves all rights to submit a further objection to the retention of the Larsen Firm on grounds, including, but not limited to, any possible duplication of services with the McCallion Firm.

Mr. Yoo. *See Kim v. Yoo*, 311 F. Supp. 3d 598, 605 (S.D.N.Y. 2018). As of January 31, 2018, Kum Kang, Inc. owed the Debtor $158,950. *See* Ex. A. The Counsel Application does not disclose the relationship between the Debtor and Kum Kang, Inc., their common ownership, and any inter-company liabilities. Because Kum Kang, Inc. owes moneys to the Debtor, and because both entities are owned by Mr. Yoo, the McCallion Firm is conflicted due to its representation of Mr. Yoo. It is unclear, therefore, whether the McCallion Firm would be able to effectively represent the Debtor in any attempt to collect moneys owed by Kum Kang, Inc. (or any possible guarantors of the liability). The Counsel Application, therefore, must be denied. *See In re Bryant*, Case No. 11-02749-8-SWH, 2011 Bankr. LEXIS 4651, at * 7-8 (Bankr. E.D.N.C. June 15, 2011) (holding that counsel may not be retained under Section 327(a) as counsel to both a corporate and an individual debtor simultaneously, where the individual debtor is "a creditor of the corporate debtor, and is a co-debtor or guarantor (and, thus, jointly liable) on the majority of the [corporate debtor's] obligations.").

6.     **The McCallion Firm Failed to Fully Disclose Hourly Billing Rates**

In the Counsel Application, the McCallion Firm only disclosed Mr. McCallion's billing rate, and not those of any associates, partners, or para-professionals of the firm. *See* Counsel Application, ¶ 15; *see also* Counsel Application, McCallion Decl., ¶ 10. Instead, the McCallion Firm vaguely describes billing rates of other attorneys and para-professionals as "such lesser rates … depending upon their education, training, and experience." *See* Counsel Application, ¶ 15; *see also* Counsel Application, McCallion Decl., ¶ 10. These disclosures are not adequate to comply with Bankruptcy Rule 2014(a), because other parties-in-interest have no notice of what billing rates other individuals working for the McCallion Firm would charge the Debtor's estate. Absent the full disclosure of all billing rates, the Counsel Application should be denied.

## V.    CONCLUSION

For the reasons set forth in this Objection, the United States Trustee requests that the

Court deny the Applications and grant other relief as is just.

Dated:   New York, New York
             October 31, 2018

                                             WILLIAM K. HARRINGTON
                                             UNITED STATES TRUSTEE, REGION 2

                               By:    */s/ Nazar Khodorovsky*
                                      Nazar Khodorovsky
                                      Trial Attorney
                                      201 Varick Street, Suite 1006
                                      New York, New York 10014
                                      Tel. No. (212) 510-0500
                                      Fax No. (212) 668-2255

**EXHIBIT A**

04/06/2018 9:58 AM

| Form **1120** | **U.S. Corporation Income Tax Return** | | OMB No. 1545-0123 |
|---|---|---|---|

Department of the Treasury
Internal Revenue Service

For calendar year 2017 or tax year beginning **02/01/17** , ending **01/31/18**

ᘛ Go to *www.irs.gov/Form1120* for instructions and the latest information.

**2017**

**A** Check if:
1a Consolidated return (attach Form 851) ......
 b Life/nonlife consolidated return ......
2 Personal holding co. (attach Sch. PH) ......
3 Personal service corp. (see instructions) ......
4 Schedule M-3 attached ...

**TYPE OR PRINT**

Name
**KUM GANG, INC.**

Number, street, and room or suite no. If a P.O. box, see instructions.
**138-28 NORTHERN BLVD.**

City or town, state, or province, country, and ZIP or foreign postal code
**FLUSHING            NY 11354**

**B** Employer identification number

**C** Date incorporated
**01/26/1994**

**D** Total assets (see instructions)
$ **1,228,272**

**E** Check if: (1) ☐ Initial return (2) ☐ Final return (3) ☐ Name change (4) ☐ Address change

**Income**

| | | | |
|---|---|---|---|
| 1a | Gross receipts or sales | 1a | 4,374,023 |
| b | Returns and allowances | 1b | |
| c | Balance. Subtract line 1b from line 1a | 1c | 4,374,023 |
| 2 | Cost of goods sold (attach Form 1125-A) | 2 | 2,010,062 |
| 3 | Gross profit. Subtract line 2 from line 1c | 3 | 2,363,961 |
| 4 | Dividends (Schedule C, line 19) | 4 | |
| 5 | Interest | 5 | |
| 6 | Gross rents | 6 | 60,500 |
| 7 | Gross royalties | 7 | |
| 8 | Capital gain net income (attach Schedule D (Form 1120)) | 8 | |
| 9 | Net gain or (loss) from Form 4797, Part II, line 17 (attach Form 4797) | 9 | |
| 10 | Other income (see instructions?ttach statement)  **See Stmt 1** | 10 | 0 |
| 11 | **Total income.** Add lines 3 through 10  ᘛ | 11 | 2,424,461 |

**Deductions (See instructions for limitations on deductions.)**

| | | | |
|---|---|---|---|
| 12 | Compensation of officers (see instructions?ttach Form 1125-E)  ᘛ | 12 | |
| 13 | Salaries and wages (less employment credits) | 13 | 459,951 |
| 14 | Repairs and maintenance | 14 | 6,264 |
| 15 | Bad debts | 15 | |
| 16 | Rents | 16 | 1,011,881 |
| 17 | Taxes and licenses | 17 | 49,235 |
| 18 | Interest | 18 | 48,929 |
| 19 | Charitable contributions  **See Stmt 2** | 19 | 0 |
| 20 | Depreciation from Form 4562 not claimed on Form 1125-A or elsewhere on return (attach Form 4562) | 20 | 11,813 |
| 21 | Depletion | 21 | |
| 22 | Advertising | 22 | 8,195 |
| 23 | Pension, profit-sharing, etc., plans | 23 | |
| 24 | Employee benefit programs | 24 | |
| 25 | Domestic production activities deduction (attach Form 8903) | 25 | |
| 26 | Other deductions (attach statement)  **See Stmt 3** | 26 | 819,156 |
| 27 | **Total deductions.** Add lines 12 through 26  ᘛ | 27 | 2,415,424 |
| 28 | Taxable income before net operating loss deduction and special deductions. Subtract line 27 from line 11 | 28 | 9,037 |
| 29a | Net operating loss deduction (see instructions) | 29a | 9,037 |
| b | Special deductions (Schedule C, line 20) | 29b | |
| c | Add lines 29a and 29b | 29c | 9,037 |

**Tax, Refundable Credits, and Payments**

| | | | |
|---|---|---|---|
| 30 | **Taxable income.** Subtract line 29c from line 28. See instructions | 30 | 0 |
| 31 | Total tax (Schedule J, Part I, line 11) | 31 | 0 |
| 32 | Total payments and refundable credits (Schedule J, Part II, line 21) | 32 | |
| 33 | Estimated tax penalty. See instructions. Check if Form 2220 is attached  ᘛ ☐ | 33 | |
| 34 | **Amount owed.** If line 32 is smaller than the total of lines 31 and 33, enter amount owed | 34 | |
| 35 | **Overpayment.** If line 32 is larger than the total of lines 31 and 33, enter amount overpaid | 35 | |
| 36 | Enter amount from line 35 you want: **Credited to 2018 estimated tax** ᘛ                 **Refunded** ᘛ | 36 | |

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

Signature of officer  **JI SUNG YOO**          Date          Title  **PRESIDENT**

May the IRS discuss this return with the preparer shown below? See instructions. ☐ Yes ☒ No

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| **KANG YOUL LEE, CPA** | | **04/06/18** | | |

Firm's name  ᘛ  **Kang Youl Lee, CPA, PC.**          Firm's EIN ᘛ

Firm's address ᘛ  **303 5th Ave # 1207**
**New York, NY                10016**          Phone no.  **212-779-2410**

For Paperwork Reduction Act Notice, see separate instructions.

DAA

Form **1120** (2017)

KUM GANG, INC.

**Federal Statements**

4/6/2018  9:58 AM

FYE: 1/31/2018

## Statement 4 - Form 1120, Page 5, Schedule L, Line 6 - Other Current Assets

| Description | Beginning of Year | End of Year |
|---|---:|---:|
| Prepaid Expenses | $ 137,335 | $ 125,500 |
| RENT RECEIVABLE | 71,000 | 71,000 |
| PREPAID NYS 3M4M TAX | 160 | |
| PREPAID NYC CORP TAX | 1,404 | |
| DEPOSIT MADE FOR RENOVATION | 20,000 | 20,000 |
| FWH TAX | | 3,550 |
| Loan to Kum Kang | 158,950 | 158,950 |
| Prepaid SWT | 540 | 2,593 |
| LOAN TO OTHER | | |
| PREPAID NYS CORP TAX | | 139 |
| Total | $ 389,389 | $ 381,732 |

## Statement 5 - Form 1120, Page 5, Schedule L, Line 14 - Other Assets

| Description | Beginning of Year | End of Year |
|---|---:|---:|
| Security Deposit | $ 285,300 | $ 285,300 |
| Total | $ 285,300 | $ 285,300 |

## Statement 6 - Form 1120, Page 5, Schedule L, Line 18 - Other Current Liabilities

| Description | Beginning of Year | End of Year |
|---|---:|---:|
| FUTA PAYABLE | $ 225 | $ 23 |
| SUTA PAYABLE | 680 | 518 |
| Sales Tax Payable | 22,865 | 28,040 |
| FWT Payable | 29 | |
| SWT Payable | 579 | |
| Accounting Fee Payable | 2,400 | |
| NYS 3M/4M TAX PAYABLE | 356 | 209 |
| NYS Corp Tax  Payable | 1,125 | |
| Utilities Payable | 17,551 | |
| NYC Corp Tax Payable | | 186 |
| Rounding | | -1 |
| Total | $ 45,810 | $ 28,975 |

## Statement 7 - Form 1120, Page 5, Schedule L, Line 21 - Other Liabilities

| Description | Beginning of Year | End of Year |
|---|---:|---:|
| PRE-PETITION  PAYABLE | $ 499,816 | $ 124,816 |
| LOAN FROM OTHERS | 245,957 | 545,957 |
| Total | $ 745,773 | $ 670,773 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- x
In re                                                    :
                                                         :    Chapter 11
KUM GANG, INC.,                                          :
                                                         :    Case No.  18-43997 (CEC)
                              Debtor.                    :
                                                         :
                                                         :
-------------------------------------------------------- x

## AFFIRMATION OF SERVICE

Nazar Khodorovsky affirms under the penalty of perjury that the following is true and correct:

      1.     I am a trial attorney with the Office of the United States Trustee for Region 2.

      2.     On October 31, 2018, I caused true and correct copies of the *OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S APPLICATIONS TO RETAIN KANG YOUL LEE, C.P.A., P.C. AS ACCOUNTANT TO THE DEBTOR AND MCCALLION & ASSOCIATES LLP AND LARSEN ADVOCATES P.C. AS ATTORNEYS FOR THE DEBTOR* to be served by electronic mail upon (i) McCallion & Associates LLP, proposed counsel to the Debtor, attn.: Kenneth F. McCallion, Esq.; (ii) Larsen Advocates, P.C., proposed co-counsel to the Debtor, attn.: Kristian Karl Larsen, Esq.; (iii) Robert Yu LLC, counsel to Noah Bank, attn.: Robert H. Yu, Esq.; and (iv) Horing Welikson & Rosen, P.C., counsel to Kit Realty, Inc., attn.: Randi Beth Gilbert, Esq.

                           */s/ Nazar Khodorovsky*
                           Nazar Khodorovsky