UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In Re:

                                                                    Chapter 11

KUM GANG INC.,
Debtor.                                                Case No.: 18-43997-cec

-----------------------------------------------------------X

STATE OF NEW YORK    )
COUNTY OF                  )

JEREMY M. POLAND, ESQ., hereby declares the truth of the following under 28 USC §1746, under penalty of perjury:

1.     I am an associate of the firm of Horing Welikson & Rosen P.C., attorneys for Kit Realty Inc. (the "Owner"), the owner of 138-18/38 Northern Boulevard, Flushing, NY 11354 (the "Premises") and hereby appear in this case on behalf of the Owner. As such, I am fully familiar with the prior pleadings and proceedings herein. I make this Declaration in support of the Owner's motion for an order deeming the debtor's lease rejected pursuant to 11 U.S.C. §365(d) (4) and vacating the automatic stay and/or vacating the stay based upon the Debtor's failure to comply with this Court's interim Order dated October 5, 2018 or in the alternative expanding the Court's Conditional Order to include all amounts deemed additional rent..

2.     The prior history of this proceeding is set forth in the declaration attached to the original motion to vacate the automatic stay a copy of which is annexed hereto as Exhibit "A."

3.     After a hearing on said motion the Court issued the conditional Order annexed hereto as Exhibit "B."

4.     Pursuant to 11 U.S.C. §365(d) (4):

> **(4)(A)** Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of--

**(i)** the date that is 120 days after the date of the order for relief; or
**(ii)** the date of the entry of an order confirming a plan.

5. To date the lease has not been assumed and therefore it should be deemed rejected and be immediately returned to the owner or, at the very least, this court should vacate the automatic stay as against the movant and allow movant to proceed against the Debtor in landlord tenant proceedings.

6. As the Court will note from the rent ledger annexed hereto as Exhibit "C" there has been and continues to be a growing arrears, most notably the water and sewer bills continue to escalate, to the point that the debtor owes close to $900,000.00.

7. It is those water charges that are also the basis of the Respondent's default under this Court's conditional Order. While Respondent may be paying the base monthly rent pursuant to this Court's Order, albeit only after I have sent a notice of default to counsel each and every month (see Exhibit "D"), they have failed to pay ongoing water and sewer charges, which pursuant to the lease which is annexed as Exhibit "A" to the Exhibit "A" annexed hereto is additional rent (see paragraph 28 of the lease). Therefore, this Movant should be entitled to a vacature of the automatic stay as well.

8. Should the Court find that the Conditional Order did not include additional rent, it is respectfully requested that this Court amend its Order to include those additional rents as delineated by the lease.

9. As stated in the Movant's prior motion which is annexed hereto and should be considered as if completely set forth herein. There is no reason to believe the Debtor, or the trustee in its stead, will be able to perform the Debtor's obligations under the lease, as the Debtor has been unable to do so prior to the filing of this proceeding and continues to be unable to do so.

10. The last reorganization filed by the Debtor does not seem to be effective and there is no reason to believe this one will be. Additionally, the Owner has no adequate protection as the Debtor currently owes close to One Million Dollars ($1,000,000.00) and instead of paying two (2) months' rent to continue the state proceeding, as required by that judge, they commenced this proceeding.

11. Simply put, history has shown that this Debtor should not be allowed to hide behind the automatic stay and the fact that no attempt has been made to assume the lease has not been assumed only buttresses the argument that the Debtor is merely using this Court to hide from its obligations. The movant should not bear the burden of the Debtor's inability to keep its business afloat.

WHEREFORE, I respectfully request that this Court grant the motion in its entirely and that this Court grant Movant such other and further relief as this Court deems just and proper under the circumstances.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on January 23, 2019, at Williston Park, New York.

_____
JEREMY M. POLAND (4587)